## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WAYNE KELLEY,<br><br>    Plaintiff,<br><br>v.<br><br>JADE PROPERTIES, LIMITED<br>LIABILITY COMPANY<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Wayne Kelley ("Plaintiff" or "Mr. Kelley"), by and through undersigned counsel, hereby files his Complaint against Jade Properties, Limited Liability Company ("Defendant") and alleges as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination against him in violation of the Uniform Services Employment and Re-employment Rights Act, ("USERRA") in order to remedy unlawful employment practices on the basis of Plaintiff's service in the military, to vindicate Plaintiff's rights and the rights of other service members, and to ensure fair treatment and equal

opportunity to all employees who also serve in the uniformed services of the United States.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 38 U.S.C. § 4301 *et seq*. (USERRA), 28 U.S.C. §§ 1331 and 1343(a)(4), and 28 U.S.C. §§ 2201 and 2202.

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a legal resident and citizen of the United States. Plaintiff is a member of the Georgia Army National Guard and is a "covered employee" within the meaning of USERRA, 38 U.S.C. § 4303(3) in that he was employed by Jade Properties, Limited Liability Company, an employer under the Act.

5.

Defendant is a domestic limited liability company registered and authorized to do business in Georgia and is a covered "employer" within the meaning of 38 U.S.C. § 4394(4) in that it is an entity that pays wages for work and had control over employment opportunities for its employees, including Plaintiff. Defendant has conducted business within this District at all times relevant.

6.

At all such times, Plaintiff was an "employee" of Defendant as defined under 38 U.S.C. § 4303(3).

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Jarrett Haswell, 1011 Hall Avenue, Tifton, Georgia, 31793.

## **FACTUAL ALLEGATIONS**

8.

Plaintiff Wayne Kelly began his employment with Defendant on February 24, 2020 as a Maintenance Director.

9.

Plaintiff serves in the Georgia Army National Guard. Defendant was aware of Plaintiff's status as a member of the Georgia Army National Guard.

10.

On August 2, 2020, Plaintiff notified his supervisor, April Ortiz, that he had orders requiring him to serve on temporary active duty from August 24, 2020 to September 4, 2020.

11.

Plaintiff began his temporary active duty status on August 24, 2020.

12.

Plaintiff completed his temporary active duty status on September 4, 2020.

13.

Defendant terminated Plaintiff's employment on September 8, 2020, four days after he completed his military leave.

14.

Mr. Kelley's termination was done in bad faith and in direct violation of his rights under USERRA.

15.

Defendant terminated Mr. Kelley because of his military service.

16.

Prior to Plaintiff performing his military leave, he had not been disciplined for his job performance.

17.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of employment opportunities, income in the form of wages, prospective employment benefits, including social security and othis benefits to which he would have been entitled but for Defendant's illegal actions.

18.

Over the course of Plaintiff's employment, he routinely worked more than 40 hours in a work week.

19.

Plaintiff was not paid one and one-half times his regular hourly rate of pay for hours he worked over 40 hours in a work week.

## COUNT I:  DENIAL OF EMPLOYMENT RETENTION IN VIOLATION OF USERRA

20.

Plaintiff re-alleges paragraphs 1-19 as if set forth fully hisein.

21.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

22.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA based on his service in the Army National Guard.

23.

By notifying Defendant of his orders for active duty, Plaintiff gave proper notice of his need for military leave under USERRA.

24.

Defendant's actions were committed willfully, intentionally and with reckless disregard for Plaintiff's right to be free from discrimination on account of his service in the military reserves.

25.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and othis benefits due his solely because of his exercise of his rights under USERRA.

26.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

27.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

## COUNT II:  RETALIATION IN VIOLATION OF USERRA

28.

Plaintiff re-alleges paragraphs 1-18 as if set forth fully hisein.

29.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

30.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA on account of his service in the Army National Guard.

31.

By notifying Defendant of his orders to report for active military duty, Plaintiff gave proper notice of his need for military leave under USERRA.

32.

By intentionally terminating Plaintiff's employment on account of his absence for military, Defendant retaliated against Plaintiff on account of his exercise of his rights under USERRA and in violation of USERRA's prohibition against retaliation under 38 U.S.C. § 4311(b).

33.

Defendant's actions were committed willfully, intentionally and with reckless disregard for Plaintiff's right to be free from discrimination on account of his service in the military reserves.

34.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and othis benefits due his solely because of his exercise of his rights under USERRA.

35.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

36.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

**WHISEFORE**, Plaintiff prays for judgment and relief as follows:

(a)  Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Liquidated damages pursuant to 38 U.S.C. § 4323 for violations alleged under Plaintiff's USERRA Claims;

(d)  Damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or othis

compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, togethis with interest thiseon, all in an amount to be proven at trial;

(e)     Reasonable attorneys' fees and expenses of litigation as to all claims;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Declaratory relief to the effect that Defendant have violated Plaintiff's statutory rights;

(i)     Injunctive relief of reinstatement, or front pay in lieu thiseof, and prohibiting Defendants from furthis unlawful conduct of the type described hisein; and

(j)     All othis relief to which she may be entitled.

Respectfully submitted, this 31st day of March 2021.

[Signatures appear on following page.]

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Wayne Kelley*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com